IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF: )
) Chapter 13
Princess Patterson )
) Case No. 19-12034
)
DEBTOR(S) ) Judge Barnes
)

## NOTICE OF MOTION

***To the following persons or entities who were served via email by the Bankruptcy Court:***
U.S. Trustee: USTPRegion11.ES.ECF@usdoj.gov
Marilyn Marshall, Ch. 13 Trustee: courtdocs@chi13.com
***To the following persons or entities who were served via regular U.S. Mail:***
Princess Patterson, 756 S. Kostner Ave., Apt. 2, Chicago, IL 60624
***To the persons or entities listed on the attached Notice of Ch. 13 Bankruptcy Case and Certificate of Notice (who were served as indicated via U.S. Mail or BNC or CM/ECF).***

I shall appear before the following named Bankruptcy Judge, or any other Bankruptcy Judge presiding in his stead, at 219 S. Dearborn Street, Chicago, Illinois, and in the following courtroom (or any other place posted), and present the attached motion, at which time and place you may appear.

JUDGE: Barnes
ROOM: 744
DATE: June 13, 2019
TIME: 10:30 AM

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that copies of this Notice and attachments were served to the above persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, with proper postage prepaid, or served electronically by the Bankruptcy Court, before 5:00 p.m. on May 23, 2019.

Signature: /S/ DAVID M. SIEGEL

Under All Penalties Pursuant to Sec.
1-109 of Ill. Code of Civ. Proc.

DAVID M. SIEGEL & ASSOCIATES, LLC
Attorney for the Debtor(s)
790 CHADDICK DRIVE
WHEELING, IL  60090
(847) 520-8100

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Princess Patterson** | Social Security number or ITIN | xxx-xx-5524 |
| | First Name    Middle Name    Last Name | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN | ____ |
| | | EIN | __-_____ |
| United States Bankruptcy Court | Northern District of Illinois | | |
| Case number: 19-12034 | | Date case filed for chapter 13 | 4/26/19 |

Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

12/17

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Princess Patterson | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 756 S Kostner Ave<br>Unit 2<br>Chicago, IL 60624 | |
| 4. | Debtor's attorney<br>Name and address | David M Siegel<br>David M. Siegel & Associates<br>790 Chaddick Drive<br>Wheeling, IL 60090 | Contact phone 847 520-8100<br>Email: davidsiegelbk@gmail.com |
| 5. | Bankruptcy trustee<br>Name and address | Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604 | Contact phone 312-431-1300 |
| 6. | Bankruptcy clerk's office<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604 | Hours open:<br>8:30 a.m. until 4:30 p.m. except Saturdays, Sundays and legal holidays.<br>Contact phone 1-866-222-8029<br>Date: 4/29/19 |

For more information, see page 2

Official Form 309I                Notice of Chapter 13 Bankruptcy Case                page 1

Debtor  Princess Patterson                                                                                          Case number 19-12034

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | May 22, 2019 at 12:00 PM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**Debtors must bring a picture ID and proof of their Social Security Number.** | Location:<br>224 South Michigan, Suite 800, Chicago, IL 60604 |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | Filing deadline: 7/22/19 |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: 7/5/19 |
| | **Deadline for governmental units to file a proof of claim:** | Filing deadline: 10/23/19 |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline:   30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. The plan is enclosed. The hearing on confirmation will be held on:<br>6/13/19 at 10:30 AM , Location: 219 South Dearborn, Courtroom 744, Chicago, IL 60604<br><br>**The Disclosure of Compensation has been filed and the debtor's attorney is requesting fees of $ 4000.00**<br>Objections to confirmation of the Plan shall be filed at least 7 days prior to the confirmation hearing. If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

United States Bankruptcy Court
Northern District of Illinois

In re:
Princess Patterson
Debtor

Case No. 19-12034-TAB
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0752-1        User: lmendoza           Page 1 of 2              Date Rcvd: Apr 29, 2019
                            Form ID: 309I            Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 01, 2019.
db          +Princess Patterson,    756 S Kostner Ave,    Unit 2,    Chicago, IL 60624-3454
27784985    +Chicago Finance Center,    4024 W. Montrose Ave.,    Chicago, IL 60641-2140
27784986     City of Chicago Dept. of Revenue,    Camera Enforcement Violation,    PO Box 88292,
              Chicago, IL 60680-1292
27784987    +City of Chicago Parking,    Department of Finance,    P. O. Box 6330,   Chicago, IL 60680-6330
27784988     Cook County Clerk,    118 N. Clark St., Room 112,    Chicago, IL 60602-1332
27784989     Cook County Treasurer,    PO Box 4488,   Carol Stream, IL 60197-4488
27784990     Cook County Treasurer,    PO Box 4468,   Carol Stream, IL 60197-4468
27784993    +Dan Hodges,    739 S Pulaski,   Chicago, IL 60624-4059
27784994    +Dr. Mimis N Cohen Md,    811 S Paulina Street,    Chicago, IL 60612-4353
27785001    +Peoples Gas,    Bankruptcy Department,   200 E. Randolph Street,    Chicago, IL 60601-6302
27785004    +Schaller Law Firm, P.C.,    249 Meadowbrook Lane,    Hinsdale, IL 60521-5085
27785005    +Secretary of State (P36267583933),    Attn: Bankruptcy Department,    PO Box 7848,
              Madison, WI 53707-7848
27785006     Secretary of State License Renewal,    3701 Winchester Road,    Springfield, IL 62707-9700
27785008     Visa,    PO Box 660493,   Dallas, TX 75266-0493

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty          E-mail/Text: davidsiegelbk@gmail.com Apr 30 2019 02:14:39     David M Siegel,
              David M. Siegel & Associates,   790 Chaddick Drive,   Wheeling, IL 60090
tr          +E-mail/Text: courtnotices@chi13.com Apr 30 2019 02:15:54     Marilyn O Marshall,
              224 South Michigan Ste 800,   Chicago, IL 60604-2503
ust         +E-mail/Text: USTPREGION11.ES.ECF@USDOJ.GOV Apr 30 2019 02:15:59     Patrick S Layng,
              Office of the U.S. Trustee, Region 11,   219 S Dearborn St,   Room 873,
              Chicago, IL 60604-2027
27784981     EDI: CAPITALONE.COM Apr 30 2019 05:58:00     Cap One,   15000 Capital One Dr,
              Richmond, VA 23238
27784982    +EDI: CAPITALONE.COM Apr 30 2019 05:58:00     Cap One,   10700 Capital One Way,
              Richmond, VA 23060-9243
27784983    +EDI: CHASE.COM Apr 30 2019 05:58:00     Chase Card,   Attn: Correspondence Dept.,
              PO Box 15298,   Wilmington, DE 19850-5298
27784991     E-mail/Text: lbankruptcy@cookcountytreasurer.com Apr 30 2019 02:16:34
              Cook County Treasurer's Office,   Legal Department,   118 North Clark Street, Room 112,
              Chicago, IL 60602-1332
27784992    +EDI: RCSFNBMARIN.COM Apr 30 2019 05:58:00     Credit One,   Bankrupcty Department,
              PO Box 98873,   Las Vegas, NV 89193-8873
27784995     E-mail/Text: operationsclerk@easypayfinance.com Apr 30 2019 02:14:53     EasyPay Finance,
              PO Box 2549,   Carlsbad, CA 92018-2549
27784996    +EDI: PHINHARRIS Apr 30 2019 05:58:00     Harris & Harris, Ltd,   111 West Jackson Blvd,
              Suite 400,   Chicago, IL 60604-4135
27784997    +EDI: RESURGENT.COM Apr 30 2019 05:58:00     LVNV Funding,   PO Box 10587,
              Greenville, SC 29603-0587
27784998    +EDI: TSYS2.COM Apr 30 2019 05:58:00     Macy's,   Bankruptcy Processing,   PO Box 8053,
              Mason, OH 45040-8053
27784999    +EDI: MID8.COM Apr 30 2019 05:58:00     Midland Credit Management, Inc.,   Bankruptcy Department,
              8875 Aero Drive, Ste 200,   San Diego, CA 92123-2255
27785000    +E-mail/Text: legal@newlinefinancial.com Apr 30 2019 02:17:36     Newline Financial,
              55 W Monroe,   Suite 910,   Chicago, IL 60603-5138
27785002    +EDI: PRA.COM Apr 30 2019 05:53:00     Portfolio Recov Assoc,   120 Corporate Blvd Ste 100,
              Norfolk, VA 23502-4952
27785003     EDI: RESURGENT.COM Apr 30 2019 05:58:00     Resurgent Capital Service,   PO Box 10587,
              Greenville, SC 29603-0587
27785007     E-mail/Text: clientservices@sourcerm.com Apr 30 2019 02:17:05     Source Receivables Management,
              4615 Dundas Dr.,   Greensboro, NC 27407
                                                                                             TOTAL: 17

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
27784984      ##+Chicago Finance Center,   3538 West Irving Park Road,   Chicago, IL 60618-3220
                                                                                            TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

District/off: 0752-1          User: lmendoza              Page 2 of 2              Date Rcvd: Apr 29, 2019
                              Form ID: 309I               Total Noticed: 31

***** BYPASSED RECIPIENTS (continued) *****

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 01, 2019                                    Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 29, 2019 at the address(es) listed below:
              David M Siegel    on behalf of Debtor 1 Princess  Patterson davidsiegelbk@gmail.com,
                author@proofofpayments.com;R41057@notify.bestcase.com;johnellmannlaw@gmail.com
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                         TOTAL: 3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 19-12034 |
| Princess Patterson | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| Debtor(s) | ) | |

## ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER THE COURT-APPROVED RETENTION AGREEMENT
(Use for cases filed on or after April 20, 2015)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:

1. All disclosures required by General Order No. 11-2 have been made.

2. The attorney and the debtor(s) have either:

    (i) not entered into any other agreements that provide for the attorney to receive:

    a. any kind of compensation, reimbursement, or other payment, or

    b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

    (ii) have specifically discussed and understand that:

    a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

    b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

    c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

    d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4,000.00 flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$ _____ for filing fee paid by the attorney with the attorney's funds

$ 44.00 for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$ 44.00 Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

☒ None

A total of $ _____ .

Date of Application: 5/3/19        Attorney Signature  /s/ David M. Siegel

## **EXPENSES**

Credit Report:         $ 30.00

Postage Fees:          $14.00

_____

Total:                 $44.00

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtor and the attorney that conflicts with this agreement is void.

### A. BEFORE THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

1

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### B.    AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly or, if required payments cannot be made, notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

3

### C. TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

### D. RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☑ The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a) The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

The payment, if any, received by the attorney has been used to pay for work performed before the filing of the case. The advantage to the debtor is that services can be provided with little or no upfront legal fees.

(b) The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

4

 (c) The retainer is a flat fee for the services to be rendered during the Chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

 (d) Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

 (e) The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the Chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E. *CONDUCT AND DISCHARGE*

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank.]

## F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $ 4000.00    .

2. In addition, the debtor will pay the filing fee in the case and other expenses of $ 340.00    .

3. Before signing this agreement, the attorney received $ 0

    toward the flat fee, leaving a balance due of $ 4000.00   ; and $ 30.00    for expenses, leaving a balance due of  $0    .

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: _3/1/19_

Signed:

X _[signature]_ _____     _[signature]_ _____

Debtor(s)                                                          Attorney for the Debtor(s)

Do not sign this agreement if the amounts are blank.

6

**Local Bankruptcy Form 23c**